Yazoo & M. V. R. Co. *v.* Lane Bayou Drainage Dist. *et al.*[*]

(Division B. Jan. 25, 1926.)

[106 So. 774. No. 25298.]

Drains. *On refusal of sheriff to accept payment of drainage benefits without payment for benefits assessed to land which party did not own, equity will cancel assessment.*

Where a drainage district, in making an assessment of benefits to property within the district, resulting from the drainage system assessing the same land to different owners, one of whom is the real owner and the other is one who has no title or interest in the land, and where the sheriff refuses to accept payment of benefits to property where owned by such owner without his paying also benefits assessed to the land wrongfully assessed to him, equity has jurisdiction to cancel the assessment.

[*]Corpus Juris-Cyc. References; Drains, 19 C. J., p. 747, n. 54.

Appeal from chancery court of Bolivar county, first district.

Hon. C. L. Lomax, Chancellor.

Suit by the Yazoo & Mississippi Valley Railroad Company against the Lane Bayou Drainage District and others. From a judgment sustaining a demurrer to complainant's bill, complainant appeals. Reversed, demurrer overruled, and cause remanded, with leave for defendants to answer.

*Chas. N. Burch, H. D. Minor* and *A. W. Shands,* for appellant.

This is a suit by the railroad company to cancel a drainage district assessment against it as to certain lands on the ground that it does not own those lands and yet is obliged to pay the assessment thereon, because the sheriff will not accept the payment of any taxes from it unless these are included.

The difficulty about the case lies in the fact that when this assessment was filed, the law provided an opportunity for a correction of this wrongful assessment and the railroad company did not avail itself of that opportunity. Acts of 1914, chapter 269, page 337. The general principle applicable to cases of this sort is well recognized and is nowhere better stated than by Judge Handy in *Webster* v. *Skipworth,* 26 Miss. 349-350.

It is our contention, first, that this judgment is a mistake and should be corrected by a court of equity, "upon the intrinsic equity of the particular case." Second, that the judgment was *"without authority of law,"* beyond the jurisdiction of the commissioners and the board of supervisors and, therefore, void, and should now be cancelled—both under general principles of equity and under section 533, Code of 1906 (Hemingway, section 290).

*The board of drainage commissioners having assessed benefits to the land in question against the true owner,*

*its jurisdiction was ended and the further assessment of benefits against the same land and against the railroad company was beyond the jurisdiction of the board of drainage commissioners and, therefore, void.* Acts of 1914, chapter 269. The rule is stated in *Brisco* v. *Mc-Millan,* 117 Tenn. 132, 27 Am. & Eng. Encyc. of Law (2 Ed.), pp. 725, 726; 37 Cyc., p. 1079.

The distinction between pursuing the statutory remedies for mere irregularities and the right to resort to equity where an assessing board is acting without jurisdiction is well established in authorities. *Briscoe* v. *Mc-Millan,* 117 Tenn. 127.; *Nashville Labor Temple* v. *Nashville,* 146 Tenn. 441,

Proceedings in this case authorized by section 533, Code of 1906 ,(section 290, Hemingway's Code). This section has been applied by this court in a variety of cases. In all of these cases the distinction for which we are contending is recognized, that is, that while a mere irregularity must be corrected before the assessing officers or by appeal to the circuit court, yet a court of equity will cancel an assessment and enjoin a collection of taxes where the assessing body acted without jurisdiction and where, therefore, the assessment is void. *Anderson* v. *Ingersoll,* 62 Miss. 73; *Portwood* v. *Baskett,* 64 Miss. 216; *Board* v. *Ames,* 3 So. 37; *Meridian* v. *Ragsdale,* 67 Miss. 86; *Browning* v. *Matthews,* 73 Miss. 343; *Railroad* v. *Matthews,* 73 Miss| 648.

In the instant case, as shown by the bill, the complainant herein has no adequate remedy at law. The tax herein involved runs for a period of twenty years and a resort to an action at law 'to recover taxes illegally exacted, if such an action would lie, would involve complainant in twenty separate actions and, of course, such proceeding is not an adequate remedy. The rule of the Mississippi statute, as applied by this court in the several decisions above referred to, is the general rule in the other states of the United States. Cooley on Taxation, section 1652. Injunctions have been issued in a

number of cases to prevent the collection of a tax assessed against property which the taxpayer does not own. *Kelly* v. *Jones,* 290 Ill. 375, 8 A. L. R. 792.

*Jurisdiction lacking with respect to this particular assessment.* It may be urged that the board of supervisors had general jurisdiction under the statute to make an assessment of benefits and that, since such general jurisdiction existed, the error in making the assessment against the railroad company was merely erroneous exercise of that jurisdiction. The answer to this is found in *McHenry* v. *State,* 91 Miss. 562, 575-578; *Windsor* v. *McVeigh,* 93 U. S. 274; *Ex parte Lange,* 18 Wall. 163; *Ex parte Burden,* 92 Miss. 27; *Rudd* v. *Rudd* (Ky.), 214 S. W. 793.

Tested by the above principle, the assessment of benefits to the land in controversy against the railroad company was void and a nullity—"Without authority of law"—because the court (the board of supervisors) had no jurisdiction to make any such assessment even though it had general jurisdiction of the subject matter and even thought it to be admitted, which we deny, that it had jurisdiction of the parties.

*Clark, Roberts & Hallam,* for appellees.

I. The appellant admits that the assessment roll of the drainage district was duly made and filed by the commissioners of the district; that due notice was given to the landowners in the district of the filing of the roll, and that at the proper time the board of supervisors duly approved the roll, and it became a final judgment; all in accordance with chapter 269, Laws of 1914; that no complaint against the assessment was filed with the board of supervisors, and that no appeal was taken from the order of the board, approving the assessment roll within twenty days as provided for in the act. Under this state of facts the appellant has waived any objection it may have had to the assessment. *Minyard* v. *Pelucia Drain-*

*age Dist.,* 98 So. 225; *Belzoni Drainage Dist.* v. *Cobb,* 102 So. 259.

The appellant having slumbered on its right to appeal to the courts from the assessment within the time allowed by law whereby it had a full, adequate and complete remedy, it is now precluded from attacking the assessment, and equity will not aid it under the circumstances. *Wray* v. *Cleveland State Bank,* 98 So. 442; *Darnell* v. *State Revenue Agent,* 109 Miss. 570, 68 So. 780; *Anderson* v. *Ingersoll,* 62 Miss. 73, 75; *Board of Supervisors* v. *Ames,* 3 So. 37.

II. *Board of supervisors had jurisdiction of the subject matter.* It is contended on behalf of appellant that the rule laid down in the above authorities does not apply in the instant case because of ''special circumstances'' which authorize a resort to a court of equity despite the former judgment, and that these special circumstances consist in the fact that the board of supervisors was without authority to make this particular assessment because the same land is alleged to be assessed elsewhere in the same assessment roll. The fundamental fallacy of. appellant's argument is that it assumes that it is important that the land was assessed to the Yazoo & Miss. Valley Railroad Company, and not to the true owner, so far as this particular assessment is concerned. Under section 7, chapter 269, Laws of 1914, at page 336, where directions as to the making of the assessment roll by the commissioners of the district are given, it is provided: ''They shall place opposite each tract of land the name of the *supposed* owner, as shown by the last county land assessment; *but a mistake in the name shall not vitiate the assessment.''* This is the rule even in the case of assessments of land for *ad valorem* taxes. The assessment in this case is against the land and not against the person; it creates a mere lien on the land. *Minyard* v. *Pelucia Drainage Dist.,* 98 So. 225, 227.

But the appellant says that the same land is assessed on the same roll to other parties. What if it is? What

business is that of appellants if it does not own the land and there is no obligation to it to pay the assessment? The record does not show whether this assessment was first made, or the other assessment, nor as to which appears first on the assessment roll. If this assessment appears first on the assessment roll, and the board examined the roll in the order in which the assessments appear on it, and if this exhausted the board's power over the land, then the *other* assessments are void.

III. *The chancery court without jurisdiction.* Section 290, Hemingway's Code is not applicable. That section gives the chancery court jurisdiction to *restrain* the collection of *taxes.* The drainage district and its commissioners are not in any way attempting to collect taxes. The collection of taxes is the business of the tax collector and the tax collector of Bolivar county is not a party to this suit. Besides, this suit is not for injunction, but for cancellation. Further, the benefits assessed against these lands are not taxes in the commonly accepted sense of the term, but are special assessments. *Cox* v. *Wallace,* 100 Miss. 525, 541; *Jones* v. *Belzoni Drainage Dist.,* 102 Miss. 796, 799. But assuming that special assessments are taxes within the meaning of the statute, still the statute does not apply unless the tax is levied "without authority of law," and we have shown that the board of supervisors had complete authority in the premises. Nor did the chancery court have jurisdiction of the suit as one to recover an illegal tax paid under protest. *Town of Louisville* v. *Armstrong,* 113 Miss. 385, 388.

IV. *Tender of legal taxes all that was required of appellant.* There was no necessity for the complainant to resort to any court in this matter. If it did not own this land, it had a perfect right to tender to the tax collector all taxes due by it on land which it did own, and this would have prevented the tax collector from selling the appellant's property. The appellant could have no care whether the tax collector sold this particular land for this

assessment or not. *Jones* v. *Burford,* 26 Miss. at 197. See, also, 26 R. C. L., p. 379, sec. 338; 26 R. D. L., p. 400, sec. 359.

Nor did the tax collector have the right to refuse to accept the amount of the legal taxes due by the appellant unless this special assessment should also be paid. The appellant had the right to pay on any part of its land, and let the rest of its land be sold for taxes and the tax collector could not lawfully refuse to accept such payment. See, also, 27 A. & E. Encyc. Law (2 Ed.), 747, 751.

The decree of the court below should be affirmed.

Argued orally by *Chas N. Burch,* for appellant.

Ethridge, J., delivered the opinion of the court.

The appellant filed a bill in the chancery court to cancel an assessment of benefits accruing to section 23 and 24 of township 24, range 8 west, in Bolivar county, Miss., assessed for drainage benefits under proceedings of the drainage district. The bill alleged that the drainage commissioners caused an assessment to be made of benefits on all lands within the boundaries of the drainage district, and, among other assessments, assessed to the complainant the benefits to the above named sections; that the amount due on the assessment for the year 1923 to said lands was three hundred ninety-one dollars and fifty-five cents, and that it would be approximately the same for subsequent years.

It was further alleged that this assessment was erroneous, and that it was made either by accident or mistake; that the complainant was not the owner of any land whatever in said sections, and that all of said sections are elsewhere in said assessment roll assessed to other parties who are the true owners of said lands.

It was further alleged that in collecting the tax the sheriff refused to permit the complainant to pay its other taxes without paying this tax so erroneously assessed,

and the complainant was compelled, under protest, to pay this assessment to the sheriff, and it was by the sheriff converted into the treasury of the said drainage district, and is now held and retained by the drainage district; that the said erroneous assessment appears on lines 21 and 23 at page 20 of the assessment roll of said drainage district. It further alleges that unless the court will intervene and cancel the said assessment complainant will be continuously annoyed with said assessment, and will from year to year have to pay, under protest, this assessment to recover the amounts paid, and will be subjected to the necessity of conducting a multitude of suits. The bill prayed that the said assessments be canceled and the commissioners directed to note cancellation on the record, and at all other places where they appear among the records of the said drainage district; that the court will further direct the commissioners to refund the complainant three hundred ninety-one dollars and fifty-five cents wrongfully collected by the sheriff aforesaid, and prays other further relief. The bill was demurred to and the demurrer sustained, and an appeal was granted to settle the principles of the case.

The question presented for decision is whether or not this suit will lie after the expiration of the time for objection and appeal provided by the statute to present objections and to take an appeal from the order making an assessment, which time had expired prior to the payment of the taxes and the filing of the bill in this case. In *Minyard* v. *Pelucia Drainage District,* 133 Miss. 847, 98 So. 225, we held that the proceeding under the act involved herein, creating a drainage district and making assessments, was a proceeding *in rem,* and that the notice provided by statute to be given to property owners was sufficient notice to constitute due process of law, and that the act and assessment did not impose a personal obligation upon the landowner, but assessed the land itself with the benefits. We also held in *Belzoni Drainage District* v. *Cobb,* 137 Miss. 393, 102 So. 259, to the same

effect, and that where the owner failed to protest and object at the proper time, and failed to prosecute an appeal from the judgment of the drainage district assessors within the time prescribed, that the assessment was binding.

In the case before us, however, the bill alleges that the same sections of land were twice assessed with benefits on the same assessment roll; that it was assessed at one place as the property of the appellant and at another place as the property of another person as the true owner. In *McHenry* v. *State*, 91 Miss. 562-576, 44 So. 831, 833, this court held that, although the court may have jurisdiction of the subject matter and of the parties, yet a particular order in the cause may be wholly without jurisdiction because it is utterly wanting in predicate therefor. In the course of this opinion the court said:

"It is a misconception to suppose that only in a case where the court has no jurisdiction over the particular suit can one safely disobey the order of a court. A court may have jurisdiction, in a general sense, of the particular suit, as regards both its subject matter and the parties to it, and yet the court may make, in the trial of that particular case, an order which, regard being had to the nature of the suit, the court has no power whatever to make. Such an order is an absolute nullity, not a mere irregularity; and both where general jurisdiction at all to entertain the particular cause is wanting, and also where, such general jurisdiction existing, the court, in the progress of the trial of the particular cause, makes an order wholly void, there is wanting utterly the predicate for any contempt process for disobedience to such order. This is essentially what is held in the case of *Ex parte Wimberly*, 57 Miss. 437, though in that particular case the court dealt with the instance of a court acting without jurisdiction at all in the cause, rather than the case of a court with general jurisdiction of a cause transcending entirely its power in the trial of that cause to make a particular order."

The statute under consideration fixes the benefits against the property as such, a proceeding *in rem,* and it is not permitted to make more than one assessment in the same year against the same property, and consequently has no right or jurisdiction to assess the property at one place to one as owner and at another place to another as owner. In such case, it transcends its power and this appears on the face of the assessment roll. It is true that where an assessment of land is made under the statute to an owner it is a valid assessment whether it be assessed to the proper person or not, and it would bind the land assessed for the benefit assessed although it be assessed to the wrong person, or assessed as belonging to the person who does not in fact own it; and, under the statute, all persons are bound by such assessment after it becomes final and the time for appeal has expired. But where a board through accident, error, or mistake assessed the property twice, the chancery court has jurisdiction at the suit of a person improperly assessed with the tax to cancel such assessment, leaving the assessment made against the true owner in force, so that the person against whom the assessment is wrongfully made may obtain relief from the error of the board. In such case it is not the fault of the suitor which the court relieves, but it is the wrong of the board in making assessment not authorized by law.

We are therefore of the opinion that the court below erred in sustaining the demurrer. The judgment will therefore be reversed and the demurrer overruled and the cause be remanded, with leave for the appellee to answer within thirty days after mandate reaches the court below.

*Reversed and remanded.*